Joseph A. Suozzi, J.
This is an article 78 proceeding to compel the respondent, as chief building and zoning inspector of the Village of ¡Great Neck, to issue a building permit to petitioner for an alteration to increase the height of an existing tennis court "by an enlargement sufficient to protect the tennis court against inclement weather. The alteration is in the nature of a dome .over the tennis court. More specifically, it is referred to as air supported ¡structures consisting of incombustible material as approved by the ¡Fire Marshal of Nassau County on June 16, 1972, in accordance with plans and specifications dated June 16, 1972.
The property is located on the east side of East Shore Road in the Village of Great Neck. Since the original adoption of the Village Building Zone Ordinance the land has always been in “ Industrial District ”, and the use of the premises for indoor and outdoor tennis courts is a permissible use.
On March 17,1972, petitioner, as landlord, entered into a lease with the Great Neck Tennis Club, Inc. whereby petitioner leased *223 to it part of the parcel to he used and operated for tennis courts to he protected against inclement weather by three portable, incombustible air supported structures during the winter months. Paragraph “ 38 ” provided that the landlord on or before May 1, 1972, would apply to the Village of Great Neck to obtain a permit for the-three portable air supported structures in accordance with certain plans and specifications.
On March 27,1972, petitioner made application to the respondent for a permit for the installation of clay tennis court structures with stone base. The application was approved on April 3, 1972, and permit No. 4758 was issued. On June 14, 1972 a certificate of occupancy No. 3575 was issued to the petitioner, certifying that the construction pursuant to permit 4758 had been completed in accordance with the plans and specifications previously filed. Applications were also made for permits for the installation of a cyclone fence and for the installation of a retaining wall. These applications were likewise approved, and certificates of occupancy were issued to the petitioner on June 14, 1972 and June 15, 1972, certifying that the fence and the retaining wall had been completed in accordance with the filed plans and specifications.
In further fulfillment of the terms of the lease the petitioner took other steps. On June 15, 1972 petitioner had Air-Tech Industries, Inc., submit to the Nassau County Fire Marshal samples of their fabric and specifications for approval of a noncombustible material to be used in the manufacture of the air supported structures. The fabric was approved by the Fire Marshal on June 16, 1972.
On June 17,1972, petitioner filed an application with respondent for a building permit for the alteration which is the subject of this proceeding. The application contained the necessary documents, including a copy of the approval by the Fire Marshal of Nassau County and a sample of the fabric.
On June 16,1972, petitioner filed with the Nassau County Fire Commission, Office of the Fire Marshal, pursuant to Nassau County Fire Prevention Ordinance, an application requesting permission to erect air supported structures — dacron and vinyl — upon petitioner’s property as indicated by certain plans which were the exact duplicate of the plans and specifications filed with respondent on June 17, 1972. On June 22, 1972 the plans and specifications were approved by the Fire Marshal.
On June 22, 1972, Louis F. Iraci, the professional engineer who prepared the plans and specifications, delivered a letter to respondent which enclosed two photocopies of the Fire Marshal’s *224 approval of the plans and specifications. On June 26,1972 Mr. Iraci received from the respondent a copy of his plans and specifications with a denial of the application. The reason given for the disapproval was as follows: “ 6/26/72 — Proposed structures would violate Art. V Sec. 24 Sub-Div. 2 of Ord. 39, Vil. of Great Neck as amended on 6/20/72.”
The ordinance had previously provided that2. Incombustible walls, cornices and roofs required within Fire Limits. Except as provided in paragraph 3 hereof, every building hereafter erected or enlarged within the Fire Limits shall be enclosed on all sides with walls constructed of incombustible materials, and shall have the roof, top and sides of all roof structures, including dormer windows, covered with incombustible material. All cornices shall be of incombustible material.”
The purported amendment of June 20, 1972 provides as follows:. “2. Fire resistant .rating of walls, cornices and roofs within Fire Limits. Except as provided in paragraph 3 hereof, every building or part thereof hereafter erected or enlarged within the Fire Limits shall be enclosed on all sides with walls constructed of masonry or other materials having a three hour fire resistant rating, and shall have the roof, top and sides of all roof structures, including dormer windows, covered with a material having a one hour fire resistant rating and all cornices shall be constructed of material having a one hour fire resistant rating.” The amendment was to take effect immediately.
Petitioner attacks the validity of the amendment on the grounds that the newspaper notice of the hearing failed to set forth which part of the existing ordinance was intended to be repealed and eliminated and which part was to remain and which part "was to be amended, pursuant to subdivision 1 of section 22 of the Municipal Home Buie Law. Petitioner also contends that notice as to the effective date, as provided by section 95 of the Village Law, was not complied with.
Petitioner further claims that a vast amount of labor, material and capital was invested in petitioner’s property prior to June 20,1972, and that the completed approved improvements are an integral and necessary part of the proposed alteration. He contends that the cost of improvements exceeded $110,000, and that he acted in good faith and is entitled to a permit from respondent to complete the alteration of the existing tennis structures,
Bespondent’s return interposes three defenses. First, he claims that Louis F. Iraci, on March 24, March 27 and June 9, 1972, made applications for the installation of outdoor clay tennis courts, a fence surrounding them and a retaining wall, which *225 plans did not provide for or refer to any type of structures to enclose the tennis courts.
Respondent also claims that in April of 1972 he recommended the proposal to amend the village ordinance to the board of trustees, and that after the notice for public hearing on June 17, 1972, 10 days after the published notice of the proposed amendment, Iraci filed an application to erect several bubble-type air supported buildings for the purpose of enclosing the outdoor -clay tennis courts.
Respondent further claims that on June 26,1972, after a newspaper notice on June 21, 1972 that the amendment was effective immediately, he served Iraci with a certified copy of the amendment and at the same time returned the application for a building permit upon which respondent endorsed his disapproval. He claims that all contact and negotiations concerning all applications and permits were conducted by Iraci acting as agent for the petitioner, and that service of a certified copy of the amendment upon Iraci was sufficient to make it effective with respect to the structure to be erected by petitioner.
Section 95 of the Village Law provides in part as follows:
1 ‘ Every ordinance hereafter adopted or approved by the board of trustees of a village shall be entered in its minutes and published in the official paper of the village once and a printed copy thereof postéd conspicuously in at least three public places in the village for at least ten days before the same shall take effect, and an affidavit of the publication and posting thereof shall be filed with the clerk * * * But such an ordinance shall take effect from the date of its service as against a person served personally with a copy thereof, certified by the village clerk under the corporate seal of the village, and showing the date of its passage and entry in the minutes.”
The instant application was executed by the petitioner, and petitioner claims that he personally filed the same with the respondent. Petitioner denies that Louis Iraci was his agent. Iraci was a professional engineer who prepared the plan for the alteration. Iraci has submitted an affidavit stating that he had contact with respondent only once, and that he never filed any applications for permits personally nor made any applications for any certificates of occupancy from respondent personally. There is a total failure to demonstrate that Iraci was petitioner's agent.
Under all of the circumstances presented, the court finds that service on Iraci was not compliance with section 95 of the Village Law. Petitioner was not personally served with a certified *226 copy óf the amendment. It’ therefore could not be effective against him until 10 days after publication and posting as required by the statute. The return indicates that notices were posted on June 27,1972. Accordingly, the proposed amendment would not take effect until July 7,1972..
At the time of the filing of the application it complied with the village ordinance.' Under the circumstances presented respond-did not have the authority to disapprove the application on June. 26,1972, based on an amendment of June 20,1972 which was not effective against petitioner until July 7, 1972. Prior to the amendment becoming effective, petitioner had acquired a vested right to a building permit. Petitioner is entitled to the permit to complete the alteration of the existing tennis court structure by an enlargement in height sufficient to permit protection of the. structures against inclement weather by air supported structures consisting of incombustible materials as approved .by the Fire .Marshal of Nassau County. All of the construction and installation of the tennis courts was. completed before May 15, 1972, and certificates of occupancy were issued by respondent. The completed approved improvements were an integral and necessary part of the proposed air supported structures alteration. Petitioner has invested substantial sums and will suffer severe damage if these tennis courts are not protected against inclement weather. Accordingly, petitioner is entitled to a permit,
Respondent’s second and third defenses are insufficient. Respondent claims that his decision in denying the permit can be appealed to the village trustees, and that the petition fails to state a. cause of action. Petitioner is challenging the validity of the proposed amendment, which is the only bar to his request for a building permit. An article 78 proceeding is the proper vehicle to make such a challenge. In any event, after passing such an amendment at the admitted request of the respondent, the trustees wpnld be unlikely to disturb his disapproval of the permit. As indicated above, the petition does state a cause of action.
Although this court need not pass on petitioner’s contention with.respect to the newspaper notice of the hearing on the proposed amendment, it does not agree with petitioner’s contention. Section 22 of the Municipal Home Rule Law was not violated by the notice. Also, the notice fully apprised the village residents as .to the exact, amendment which would be discussed at the public hearing.